Good morning. I'm Richard Such for John Clark. I want to concentrate on what I think is the clearest part of our case. The Court's aware that we're making two closely related arguments. Number one, that the appellant should have been allowed to challenge the constitutional validity of his 1974 conviction in the district court and to have an evidentiary hearing on the factual issues that were presented. And secondly, that appellant was denied his right to the effective assistance of counsel in the current proceedings because of the failure of his attorney to challenge the validity of the prior in the state court. I think that the former issue is thoroughly hashed out in the briefs and I can't think of anything to add to them and I consider the latter to be the clearer issue. Could you address the application of Lackawanna to this case? Well, that's the issue I was trying to avoid because of its complexity. Well, our position is that in that three justice decision, Justice O'Connor suggested that there might be an exception to the rule that a defendant in a federal court proceeding can't challenge, I mean, a federal habeas petitioner can't challenge a state court conviction in a federal habeas proceeding on grounds other than absolute denial of the right to counsel. And that would be a case in which he didn't forego his state remedy but instead was refused an opportunity to litigate the constitutionality of the conviction in the state court. Didn't he have all that here? I mean, I don't quite see how even if we accepted those two exceptions as if it had been a majority opinion, how can he meet them? I mean, he had pursued his remedies. That's right. He did in 1985, 1987 proceedings. He challenged it in the trial court. He raised the issue on appeal. And in this current late 1990s proceeding, the one in which I represented him on appeal, it wasn't raised in the trial court but it was raised in the appellate court. But we believe we fall under the exception because in neither of those instances did he get a fair hearing. It takes some time to explain what was unfair about the 1985, 1987 proceedings, but basically both the trial and the appellate courts assumed facts that just weren't true and made their decision based on facts that were totally irrelevant. Apparently there was no record in that case that when Mr. Clark pleaded guilty in 1985, 1974, that he was aware or made aware of the important constitutional trial rights that he was giving up or the consequences of his plea when he pleaded guilty in the municipal court. And the trial court in that 1985 proceeding assumed that it didn't really matter whether he was advised in the municipal court when he pleaded guilty or later when he appeared in the superior court simply for the purposes of sentencing. But, of course, it makes all the difference in the world whether he was advised of his rights and was aware of them at the time he actually pleaded guilty. And the appellate court in that proceeding seemed to recognize that he wasn't advised of those rights. There was no record that he was aware of those rights when he pleaded guilty in the municipal court, but they said that if he was advised in the superior court, then that was good enough. But obviously it wasn't. So our contention is that that was just not a fair proceeding. So he gets to challenge it for a third time here? Is that the logical result of your argument? Well, I think he can go on challenging it until he gets a fair hearing on it. Until he gets the relief he seeks. That would seem to turn the concept of finality on its head. I guess it's never final unless the defendant gets the relief that he wants. Then it's final. That's okay. Until he enjoys his due process right to a fair hearing. Well, that's the question. I mean, the question is did he have a hearing? He says he didn't get a fair one, but he clearly had a hearing. In fact, he had two of them, and now he seeks a third one. So at what point do we say you've had more than one bite at the apple? Well, I think it would be going too far to say that he had a hearing in the late 1990 proceedings because, first of all, his ineffective counsel didn't even raise the issue in the trial court. Is it ineffective if counsel looks and sees that it's previously been litigated and lost twice before? Oh, yes. Besides the third time around, you know, I'm not going to win on that argument, so I'll put my eggs in a different basket. Well, it is ineffective for several reasons. One is that, first of all, the first determination wasn't raised judicata. He had a perfect right to challenge it in the 1995 and 1997 proceedings. Secondly, he could easily have prevailed on the argument that the previous determination by the trial and appellate courts in the 1985-1987 proceedings were erroneous because of the reasons I've just explained, namely that they assumed it was okay if he was advised of his rights in the superior court after he had already pleaded guilty in the municipal court. And further, in the 1985-1987 proceedings, no issue whatsoever was made of the fact that the record failed to show that he was aware of the consequences of his plea. The validity of the conviction wasn't challenged on those grounds, and so that was an entirely new issue that could have been litigated in the 1997 proceedings. And finally, he had clear and incontrovertible evidence that the defendant, in fact, was not advised of his rights, and there was no other evidence that he was aware of them when he pleaded guilty in the municipal court in 1974. And that was the certificate of the magistrate, which says affirmatively that he waived advisement of his rights. Therefore, it shows that there was no advisement of rights. Further, that certificate of magistrate, the only record that we have of that plea, doesn't say anything at all about consequences, so there was no showing of record, whatever, that when Mr. Clark pleaded guilty, he was aware of the consequences of the possibility of life imprisonment and of the certainty of lifetime registration as a sex offender. And we've got some cases, of course, once you get into the Federal habeas context where a silent record isn't enough. Well, I agree that the petitioner who's challenging the prior conviction has an affirmative obligation to come forward with evidence to prove that he didn't know the constitutional trial rights that he was giving up when he pleaded guilty and that he wasn't aware of the consequences of the plea. And we've done that. We submitted Mr. Clark's declaration to the district court that when he pleaded guilty in municipal court, when there's absolutely no record that he was advised of his rights or the consequences, he did not, in fact, know those constitutional trial rights or the consequences. Now, that's a factual issue on which he's never had a hearing. And that's another thing I wanted to say about the so-called second opportunity that he had in the state court to challenge the prior conviction. When I raised the issue on appeal of the current conviction, we made an affirmative showing, the best showing that we possibly could make. We presented the certificate of the magistrate showing that he had not been advised of his rights. We presented his declaration showing that he didn't know his rights. He didn't know the consequences. And those posed factual issues that could only be determined by an evidentiary hearing. But the state court of appeal and Supreme Court denied the petition without any statement of reasons, without ever holding a hearing. Now, I just ---- You've got almost a minute left. Would you like to save it for rebuttal?  Okay. Thank you. May it please the Court. Pam Critchfield for the Respondent, Attorney General's Office. Our position is that the direct challenge to the 1974 conviction is precluded by the case of the Lackawanna case. As to the second issue of ineffective assistance of counsel, our position is that the state court did not unreasonably apply Strickland when it denied the ---- summarily denied the challenge, the ineffective assistance challenge in the latest appeal. Counsel, the 1997 trial counsel had the 1985-87 challenge before him when he tried this case in 97. He saw that the prior had been ---- there had been an evidentiary hearing held in Tuolumne County. Petitioner testified under oath at that evidentiary hearing that he was advised of his rights. He was equivocal about one of those rights, the right against self-incrimination. That ---- That had been his first state challenge, his first state collateral. That was the state, the first right. He waited from ---- he didn't do anything in 74, either direct appeal or a collateral attack. And then in 85, he challenged it via a motion to strike on constitutional grounds, and an evidentiary hearing was held. The Court of Appeals, California Court of Appeals, at that point affirmed that decision, citing the record of the evidentiary hearing. And then when he served a 12-year sentence, and he, for that, for the conviction in, the 288A conviction in 85, came out and challenges it now with a declaration that completely contradicts what he said in the 85 evidentiary hearing. It is not surprising that trial counsel looking ---- I mean, trial counsel, by the way, was never advised by Petitioner during the proceedings, the trial proceedings in 97, that there might be a problem with the 90, with the 74 conviction. This has all happened on appeal, so it's after, on the collateral attack, actually, after the fact. The declaration of Petitioner says, had I ---- had he raised it with me, I would have told him I was not advised of my right. But the point is, trial counsel had the record of the 85 challenge to the 74 conviction before him. So even if Petitioner had come forward and said, I wasn't advised of my rights, that ---- is he going to put him on the stand? Were you lying then, or are you lying now? I mean, it's directly contradictory. So I would say that there was no ineffective assistance by current trial counsel or trial counsel at the current proceedings not to challenge the prior. The opposing counsel said that there was no advice of the consequences of his plea. What was his testimony on that in the first instance? He didn't testify on it. He didn't raise it in 85. The ---- what he raises now, what he argues now is that he wasn't advised of the sentence, and actually, it was addressed by the Court of Appeal in ---- it was addressed by the Court of ---- that part of it was addressed by the Court of Appeal in 95. He raises now the 290s registration requirement. But that is not constitutionally compelled. It is a direct consequence that you must be notified of. But once you go back to challenge it, it's not constitutionally compelled. And you look at whether there was prejudice. And clearly, he'd been registering as a sex offender, sex ---- under PC 290 since 1970, or 71, I think. So it's difficult for him to argue that there would be ---- that had he known, wasn't advised of the 290 registration, and had he known, he wouldn't have taken a plea in 74 because he had to continue to register. And the plea, remember, was he was charged with two counts of sexual molestation on two different 7-year-old girls with four counts of indecent exposure. And he pled to one count of 288A, and the other four were dropped, and he had no prison time. So he was given a gift in 1974 on that plea. If there are no further questions, I would submit it on my briefs. Roberts. Okay. Thank you very much. And, Mr. Dutch, you've saved some time. Thank you. We'll have to take very serious issue with the claim that Mr. Clark was either lying in his testimony in the 1985 state court proceedings or in his current declaration that he was not advised of his rights and didn't know of them. We don't have a transcript of his 1985 testimony. We don't know for sure whether he testified that he was advised of his rights in the municipal court or in the superior court, but the clear implication of the trial court's decision and of the Court of Appeals' decision in 1987 was that his testimony was that he may have been advised of his rights in the superior court, but he pleaded guilty in the municipal court. So whatever he might have been advised of in the superior court after he pleaded guilty is completely irrelevant. The only thing that's relevant is whether he was advised of and knew of his rights when he pleaded guilty in the municipal court. And his current declaration is that, no, he was not advised of his rights. No, he didn't know about them. And on the question of sex offender registration, it's true that he had previously registered on account of misdemeanor convictions, which could have been cleared, which could have spared him from the lifetime obligation to register as a sex offender, from a lifetime liability to be imprisoned under California's three strikes law for 25 years of life for failing to register as a sex offender. But his current declaration tells us that he didn't know when he pleaded guilty in the municipal court in 1974 that he was advised or that he knew that for the rest of his life he would have to register as a sex offender and be subject to that liability. Okay. Thank you very much. I thank both counsel for your helpful argument. The case of Clark v. Lamarck is now submitted. The next case on the calendar is United States v. and I'm not sure I'm pronouncing it right, Lugai or Lugay. May it please the court, Kevin Tate appears on behalf of appellant Michael Lugai. Lugai. I'd like to move right into what I believe is the central issues here. First, I'm asking, Mr. Lugai is asking this court to reverse and remand to the district court their ruling on
judges: Canby, W. Fletcher, Tallman